LOCKE LORD LLP
Regina J. McClendon (SBN 184669)
rmcclendon@lockelord.com
Lindsey E. Kress (SBN 278213)
lkress@lockelord.com
44 Montgomery Street, Suite 4100
San Francisco, CA  94104
Telephone:  415-318-8810
Fax:  415-676-5816

Attorneys for Defendant
WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER WITH WELLS FARGO BANK
SOUTHWEST N.A., FORMERLY KNOWN AS WACHOVIA MORTGAGE FSB, FORMERLY
KNOWN AS WORLD SAVINGS BANK FSB

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE RABIDOU, an individual | Case No.  5:14-CV-03684-PSG |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| vs. | |
| WACHOVIA CORPORATION F/K/A WORLD SAVINGS BANK, FSB; and WELLS FARGO BANK, NATIONAL ASSOCIATION | Date:  October 7, 2014
Time:  10:00 a.m.
Place:  Courtroom 5 |
| Defendants. | Complaint Filed:  June 17, 2014 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** on October 7. 2014 at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest N.A., formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank FSB ("Wells Fargo" or "Defendant") (incorrectly sued herein as Wachovia Corporation f/k/a World Savings Bank, FSB and Wells Fargo Bank, National Association), through its undersigned counsel, will bring for hearing, in Courtroom 5 of the United States Courthouse located at 280 South 1st Street, San Jose, California 95113, its Motion to Dismiss the Complaint filed by plaintiff Lawrence Rabidou ("Plaintiff").

This Motion is based on this Notice of Motion and Motion, the below Memorandum of Points and Authorities, Request for Judicial Notice filed concurrently herewith, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing.

Dated:  August 28, 2014

Respectfully submitted,

LOCKE LORD LLP

By:  */s/ Regina J. McClendon*
Regina J. McClendon
Lindsey E. Kress

*Attorneys for Defendant*
WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER WITH WELLS FARGO BANK SOUTHWEST N.A., FORMERLY KNOWN AS WACHOVIA MORTGAGE FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK FSB

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether Plaintiff's first cause of action for "Negligence" states a claim upon which relief can be granted.

2.      Whether Plaintiff's second cause of action for "Fraudulent Concealment" states a claim upon which relief can be granted.

3.      Whether Plaintiff's third cause of action for "Negligent/Fraudulent Misrepresentation" states a claim upon which relief can be granted.

4.      Whether Plaintiff's fourth cause of action for "Fraudulent Inducement" states a claim upon which relief can be granted.

5.      Whether Plaintiffs' fifth cause of action for "Unfair Business Practices under Business and Professions Code 17200 et seq." states a claim upon which relief can be granted.

6.      Whether Plaintiff's sixth cause of action for "Violation of TILA §§ 15 U.S.C. 1641(g)" states a claim upon which relief can be granted.

7.      Whether Plaintiff's seventh cause of action for "Violation of Cal. Civ. Code § 2924 et al." states a claim upon which relief can be granted.

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Rabidou v. Wachovia Corporation f/k/a World Savings Bank, FSB, et al.*, Case No. 5:14-CV-03684-PSG

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

**TABLE OF CONTENTS**

I.    INTRODUCTION .............................................................................................................1

II.   STATEMENT OF FACTS ...............................................................................................1

III.  LEGAL ARGUMENT .....................................................................................................3

      A.    Plaintiff Is Judicially Estopped From Asserting Each Of His Claims Against Wells
            Fargo ....................................................................................................................3

      B.    Plaintiff's First Cause Of Action For Negligence Must Fail ...........................5

            1.    Plaintiff's Negligence Claim Is Time-Barred ...................................5

                  a.    Equitable Tolling Is Not Proper Because Plaintiff Failed To Exercise
                        Due Diligence ...............................................................6

                  b.    Plaintiff Has Not Established A Continuing Violation.........................8

            2.    Plaintiff Cannot Plead A Negligence Claim Against Wells Fargo ...................8

      C.    Plaintiff's Second, Third, and Fourth Fraud-Based Causes Of Action Must Fail .......11

            1.    Plaintiff's Fraud-Based Claims Are Time-Barred ...........................11

            2.    Plaintiff Has Failed To Adequately Plead A Fraud Claim ....................12

                  a.    Plaintiff Has Failed To Allege Facts Evidencing A Misrepresentation 13

                  b.    Plaintiff Has Failed to Allege Facts Evidencing Wells Fargo's
                        Knowledge Of Any False Statements ...............................14

                  c.    Plaintiff Has Failed To Allege Facts Evidencing Wells Fargo's Intent
                        To Defraud Or Induce Reliance ........................................15

                  d.    Plaintiff Has Failed To Allege Facts To Establish Justifiable Reliance 15

                  e.    Plaintiff Has Failed To Allege That He Was Damaged By Wells
                        Fargo's Conduct..........................................................16

      D.    Plaintiff's Fifth Cause Of Action For Violation Of Business & Professions Code
            Section 17200 Fails To State A Claim....................................................17

      E.    Plaintiff's Sixth Cause Of Action For Violation Of The Truth In Lending Act Must
            Fail .................................................................................................19

i

F.    Plaintiff's Seventh Cause of Action For Violation Of Cal. Civil Code Section 2924 et al. Fails To State A Claim ............................................................................................19

IV.    CONCLUSION ....................................................................................................21

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Rabidou v. Wachovia Corporation f/k/a World Savings Bank, FSB, et al.*, Case No. 5:14-CV-03684-PSG

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Alperin v. Vatican Bank*,
  410 F.3d 532 (9th Cir. 2005) ..................................................................................1

*Altman v. PNC Mortg.*,
  850 F.Supp.2d 1057 (E.D. Cal. Jan. 20, 2012) .......................................................18

*Alvarez v. BAC Home Loans Servicing, L.P.*,
  __ Cal.App.4th __, 2014 WL 3883282 (Aug. 7, 2014) ......................................9, 10

*Argueta v. J.P. Morgan Chase*,
  2011 WL 2619060 (E.D. Cal. 2011)........................................................................10

*Armstrong v. Chevy Chase Bank*,
  FSB, 2012 WL 4747165 (N.D. Cal. Oct. 3, 2012) ....................................................9

*Bernardo v. Planned Parenthood Fed. of America*,
  115 Cal.App.4th 322 (2004) ....................................................................................17

*Bogosian v. CR Title Services, Inc.*,
  2011 WL 2039368 (N.D. Cal. May 18, 2011) .........................................................21

*Cadio v. Owens–Illinois, Inc.*,
  125 Cal.App.4th 513 (2004) ....................................................................................13

*Carr v. Beverly Health Care & Rehab. Servs., Inc.*,
  No. C-12-2980 EMC, 2013 WL 5946364 (N.D. Cal. Nov. 5, 2013)....................3, 4

*Casault v. Fed. Nat. Mortgage Ass'n*,
  915 F.Supp.2d 1113 (C.D. Cal. 2012) .......................................................................9

*Castillo v. Wells Fargo Bank, N.A.*,
  2:13-cv-08931, 2014 WL 1631389 (C.D. Cal. Apr. 23, 2014)...........................6, 11

*Cervantes v. Countrywide Home Loans, Inc.*,
  656 F.3d 1034 (9th Cir. 2011) ...................................................................................7

*Chua v. IB Property Holdings, LLC*,
  2011 WL 3322884 (C.D. Cal. August 1, 2011).......................................................21

*In re Coastal Plains, Inc.*,
  179 F.3d 197 (5th Cir. 1999) .....................................................................................3

*Conrad v. Bank of Am.*,
  45 Cal.App.4th 133 (1996) ......................................................................................16

iii

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Rabidou v. Wachovia Corporation f/k/a World Savings Bank, FSB, et al.*, Case No. 5:14-CV-03684-PSG

*Cusano v. Klein*,
    264 F.3d 936 (9th Cir. 2001) ................................................................3

*Daro v. Superior Court*,
    151 Cal. App. 4th 1079 (2007) ...........................................................18

*DeLeon v. Wells Fargo Bank, N.A.*,
    2011 WL 311376 (N.D. Cal. Jan. 28, 2011) ...........................11, 16, 18

*Diunugala v. JP Morgan Chase Bank, N.A.*,
    2013 WL 5568737 (S.D. Cal. Oct. 3, 2013) .........................................10

*Dooms v. Fed. Home Loan Mortg. Corp.*,
    No. 11–0352, 2011 WL 1232989 (E.D. Cal. Mar. 31, 2011) ...............9

*Evangelatos v. Superior Court*,
    44 Cal.3d 1188 (1988) .........................................................................20

*Garcia v. Ocwen Loan Servicing, LLC*,
    2010 WL 1881098 (N.D. Cal. May 10, 2010) .....................................10

*Gomes v. Countrywide Home Loans, Inc.*,
    192 Cal. App. 4th 1149 (2011) ...........................................................20

*Gonsalves v. Hodgson*,
    38 Cal.2d 91 (1958) .............................................................................13

*Gonzalez v. Wells Fargo Bank*,
    2012 WL 5350035 (N.D. Cal. Oct. 29, 2012) .......................................9

*Hamilton v. Greenwich Investors XXVI, LLC*,
    195 Cal.App.4th 1602 (2010) .............................................................13

*Hamilton v. State Farm Fire & Cas. Co.*,
    270 F.3d 778 (9th Cir. 2001) ............................................................3, 4

*Hartford Life & Annuity Ins. Co. v. Doris Barnes*,
    2012 WL 688817 (C.D. Cal. Feb. 3, 2012)..........................................19

*Hay v. First Interstate Bank of Kalispell*,
    978 F.2d 555 (9th Cir. 1992) ................................................................4

*HPG Corp. v. Aurora Loan Services, LLC*,
    436 B.R. 569 (E.D. Cal. 2010) .............................................................4

*Hubbard v. Fidelity Federal Bank*,
    91 F.3d 75 (9th Cir. 1996) ...................................................................7

*Intengan v. BAC Home Loans Servicing LP*,
    214 Cal.App.4th 1047, 2013 WL 1180435 (2013) ..............................11

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

iv

*Ireland v. Centralbanc Mortg. Corp.*,
  No. 5:12-cv-02991, 2012 WL 4181418 (N.D. Cal. 2012) ....................................................12

*Jolley v. Chase Home Finance, LLC*,
  213 Cal.App.4th 872 (2013) ...........................................................................................9, 10

*Kentucky Fried Chicken of Cal., Inc. v. Superior Court*,
  14 Cal.4th 814 (1997) ...........................................................................................................8

*Khan v. CitiMortgage, Inc.*,
  975 F.Supp.2d 1127 (E.D. Cal. Sept 30, 2013) ...................................................................16

*Khoury v. Maly's of Cal., Inc.*,
  14 Cal.App.4th 612 (1993) ............................................................................................17, 18

*In re Kottmeier*,
  240 B.R. 440 (Bankr. M.D. Fla. 2002) .................................................................................3

*Kourtis v. Cameron*,
  419 F.3d 989 (9th Cir. 2005) ................................................................................................1

*Krantz v. BT Visual Images, LLC*,
  89 Cal.App.4th 164 (2001) .................................................................................................17

*Kwikset v. Superior Court*,
  51 Cal.4th 310 (2011) .........................................................................................................18

*Lane v. Vitek Real Estate Industries Group*,
  713 F. Supp. 2d 1092 (E.D. Cal. 2010) ..............................................................................20

*Lawther v. Onewest Bank, FSB, et al.*,
  No. 00054, 2012 WL 298110 (N.D. Cal. Feb. 1, 2012) *19 ...............................................16

*Mabry v. Superior Court*,
  185 Cal.App.4th 208 (2010) ...............................................................................................11

*McGough v. Wells Fargo Bank, N.A.*,
  2012 WL 5199411 (N.D. Cal. Oct. 22, 2012)................................................................17, 19

*Mendenhall v. JP Morgan Chase Bank*,
  No. C-10-5302, 2011 WL 1557884 (N.D. Cal. Apr. 25, 2011)..........................................6, 11

*Mendoza v. City of Los Angeles*,
  66 Cal.App.4th 1333 (1998) .................................................................................................8

*Mir v. Little Co. of Mary Hosp.*,
  844 F.2d 646 (9th Cir. 1988) ................................................................................................1

*Nastrom v. JPMorgan Chase Bank, N.A.*,
  No. 11-01998, 2012 WL 5522795 (E.D. Cal. Nov. 14, 2012)..............................................10

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

v

*Nichols v. Keller*,
   15 Cal.App.4th 1672 (1993) ............................................................................8

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
   231 Cal.App.3d 1089 (1991) ....................................................................8, 9

*Oaks Mgmt. Corp. v. Superior Court*,
   145 Cal. App. 4th 453 (2006) ........................................................................8

*Pantoja v. Countrywide Home Loans, Inc.*,
   640 F. Supp. 2d 1177 (N.D. Cal. 2009) ........................................................17

*Pareto v. F.D.I.C.*,
   139 F.3d 696 (9th Cir. 1998) ........................................................................1

*Perez v. Wells Fargo Bank, N.A.*,
   2011 WL 3809808 (N.D. Cal. Aug, 29, 2011) ..............................................18

*Philipson & Simon v. Gulsvig*,
   154 Cal.App.4th 347 (2007) ........................................................................13

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,
   522F.3d 1049 (9th Cir. 2008) ........................................................6, 7, 11, 12

*Scotten v. First Horizon Home Loan Corp.*,
   2012 WL 3277104 (E.D. Cal. Aug. 9, 2012) ................................................10

*Scripps Clinic v. Superior Court*,
   108 Cal.App.4th 917 (2003) ........................................................................17

*Settle v. World Sav. Bank, F.S.B.*,
   2012 WL 1026103 (C.D. Cal. Jan. 11, 2012) ................................................9

*Silvas v. G.E. Money Bank*,
   449 Fed.Appx.641 (9th Cir. 2011) ................................................................7

*Socop–Gonzalez v. I.N.S.*,
   272 F.3d 1176 (9th Cir. 2001) (en banc) ......................................................7

*Spurlock v. Carrington Mortg. Services, Inc.*,
   No. 09CV2273, 2010 WL 3069733 (S.D. Cal. Aug. 4, 2010) ........................7

*Tarmann v. State Farm Mut. Auto Ins. Co.*,
   2 Cal.App.4th 153 (1991) ............................................................................13

*V.C. v. Los Angeles Unified Sch. Dist.*,
   139 Cal.App.4th (2006) ..........................................................................6, 11

*In re VerifoneSecs. Litig.*,
   11 F.3d 865 (9th Cir. 1993) ........................................................................1

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

vi

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

*Vertkin v. Wells Fargo Home Mortgage*,
   2010 WL 3619798 (N.D. Cal. 2010) ...................................................................3

*Western & Southern Life Ins. Co. v. State Bd. of Equalization*,
   4 Cal.App.3d 21 (1970) .............................................................................20

*Western Mining Council v. Watt*,
   643 F.2d 618 (9th Cir. 1981) .......................................................................1

*Wilhelm v. Pray, Price, Williams & Russell*,
   186 Cal.App.3d 1324 (1986) .................................................................13, 14

*Williams v. Wraxall*,
   33 Cal.App.4th 120 (1996) .........................................................................16

*Zinnel v. CitiMortgage, Inc.*,
   2010 WL 3715079 (E.D. Cal. Sept. 16, 2010) ...............................................21

**STATUTES**

15 U.S.C. § 1640(e) ...............................................................................................19

15 U.S.C. § 1641(g) ...............................................................................................19

Bus. & Prof. Code § 17204 ...................................................................................17

Civil Code § 3 ........................................................................................................20

Civil Code § 2924 .............................................................................................19, 20

Civil Code § 2924.17 .............................................................................................19

Code Civ. Proc. § 335.1 ..........................................................................................5

Code Civ. Proc. § 338(d) .......................................................................................11

Code Civ. Proc. § 339(1) .......................................................................................11

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure Rule 9(b).........................................................12

Federal Rules of Civil Procedure Rule 12(b)(6) ...................................................1

vii

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.     INTRODUCTION

Defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest N.A., formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank FSB ("Wells Fargo" or "Defendant") (incorrectly sued herein as Wachovia Corporation f/k/a World Savings Bank, FSB and Wells Fargo Bank, National Association) moves to dismiss the Complaint filed by Lawrence Rabidou ("Plaintiff") pursuant to Rule 12(b)(6) for failure to state a claim.

Plaintiff, an experienced purchaser of real estate who previously owned at least thirteen additional properties that were foreclosed upon (Compl., ¶ 12), asserts various claims relating to his request to modify a defaulted loan that he has not made a payment on since March 15, 2008 and which is currently over $322,907.25 past due.  (Compl., Exh. H).

As discussed in detail below, each of Plaintiff's claims is barred by judicial estoppel and the relevant statute of limitations, is improperly pled, and/or seeks to invoke a duty of care where none exists.  Accordingly, Wells Fargo respectfully requests that this Court grant its Motion to Dismiss in its entirety without leave to amend.

## II.     STATEMENT OF FACTS

On a motion to dismiss, the Court accepts as true the facts properly pleaded in the complaint, but not conclusions of law.  *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005); *In re VerifoneSecs. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993).  In resolving a motion to dismiss, the Court generally accepts as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them.  *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  The Court, however, need not accept as true any unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Also, "it is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss."  *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); accord *Kourtis v. Cameron*, 419 F.3d 989, 994 n. 2 (9th Cir. 2005).

In keeping with these rules, and without conceding for any other purpose the truth of Plaintiff's allegations, Wells Fargo sets forth the facts pertinent to this motion.

Plaintiff executed a promissory note on or about December 16, 2004 in the original principal amount of $608,000.00 with World Savings Bank, FSB ("World Savings"). (Compl., ¶ 9). This loan was secured by a deed of trust ("Deed of Trust") recorded against the real property located at 4062 Cranford Circle, San Jose, California 95124 (the "Property") on December 22, 2004. (*Id.*, ¶ 9; *Id.*, Exh. A). The Deed of Trust provided that World Savings was the lender and beneficiary, and the trustee was Golden West Savings Association Service Co. ("Golden West"). (*Id.*).

On or about September of 2007, Plaintiff defaulted on his loan obligations and a Notice of Default ("NOD-1") was subsequently recorded on May 9, 2008, reflecting a past due amount of $23,856.55. (Request for Judicial Notice ("RJN"), Exh. 1; *see* Compl., ¶¶ 10, 13). A Notice of Rescission of the Notice of Default was recorded on November 10, 2008. (RJN, Exh. 2). A second Notice of Default (NOD-2) was recorded on July 10, 2009, reflecting a past due amount of $94,915.07. (Compl., Exh. J). Shortly thereafter, a Substitution of Trustee naming Cal-Western Reconveyance Corporation ("Cal-Western")[1] as trustee under the Deed of Trust was recorded on August 14, 2009. (Compl., Exh. M). On October 14, 2009, a Notice of Trustee's Sale ("Notice of Sale-1") was recorded, reflecting a total unpaid balance of $708,776.47. (RJN, Exh. 3). On or about March 20, 2010, Wachovia Bank, National Association f/k/a World Savings ("Wachovia"), merged with Wells Fargo Bank, N.A. (Compl., ¶ 3; *Id.*, Exh. I). A second Notice of Trustee's Sale ("Notice of Sale-2") was recorded on May 9, 2011, reflecting a total unpaid balance of $778,635.01. (RJN, Exh. 4). A third Notice of Trustee's Sale ("Notice of Sale-3") was recorded on February 16, 2012, reflecting a total unpaid balance of $837,530.26. (RJN, Exh. 5).

On or about August 7, 2012, Plaintiff filed for Chapter 13 bankruptcy. (RJN, Exh. 6). Plaintiff's bankruptcy proceeding is still active. (RJN, Exh. 7). No further foreclosure proceedings have occurred to date. (*See* Compl., Exh. H) (alleging that foreclosure proceedings were suspended

---

[1] Cal-Western is not named as a defendant in this action, presumably because it has filed for bankruptcy. (United States Bankruptcy Court, District of Delaware, Case No. 13-11619 BLS.)

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1   as a result of Plaintiff's bankruptcy proceedings).  Further, Wells Fargo has reviewed Plaintiff for a

2   loan modification over twelve times from September 14, 2007 to March 27, 2014 and has repeatedly

3   determined that Plaintiff does not qualify for such relief.  (*Id.*).

4   **III.    LEGAL ARGUMENT**

5       **A.      Plaintiff Is Judicially Estopped From Asserting Each Of His Claims Against**

6               **Wells Fargo**

7           When a debtor files for bankruptcy protection, an estate is created, which is comprised of all

8   the debtor's property interests at the time of filing.  *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir.

9   2001); *In re Kottmeier*, 240 B.R. 440, 442 (Bankr. M.D. Fla. 2002).  In addition, a bankruptcy estate

10  "includes post-petition property interests."  *Kottmeier*, 240 B.R. at 442.  Post-petition interests

11  include civil claims which accrued while the bankruptcy is pending.  *Id.*; *Cusano,* 264 F.3d at 945

12  (assets of a bankruptcy estate include the debtor's causes of action).

13          A plaintiff is "estopped from making claims which [he] omitted from [his] bankruptcy

14  schedule."  *Vertkin v. Wells Fargo Home Mortgage*, 2010 WL 3619798, *3 (N.D. Cal. 2010).

15  "Judicial estoppel is an equitable doctrine which 'precludes a party from gaining an advantage by

16  taking one position, and then later seeking an advantage by taking a clearly inconsistent position.'"

17  *Id.* (quoting *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)).

18  The Ninth Circuit has held that "[i]n the bankruptcy context, a party is judicially estopped from

19  asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's

20  schedules or disclosure statements."  *Hamilton*, 270 F.3d at 783.  "The rationale for…[these

21  decisions] is that the *integrity of the bankruptcy system depends on full and honest disclosure by

22  debtors of all of their assets*."  *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999)

23  (emphasis in original).  "[J]udicial estoppel will be imposed when the debtor has knowledge of

24  enough facts to know that a potential cause of action exists during the pendency of the bankruptcy,

25  but fails to amend his [or her] schedules or disclosure statements to identify the cause of action as a

26  contingent asset."  *Carr v. Beverly Health Care & Rehab. Servs., Inc.*, No. C-12-2980 EMC, 2013

27  WL 5946364, at *5 (N.D. Cal. Nov. 5, 2013); accord *Vertkin,* 2010 WL 3619798, at *3 (stating that

28

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

3

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Rabidou v. Wachovia Corporation f/k/a World Savings Bank, FSB, et al.*, Case No. 5:14-CV-03684-PSG

a debtor has an obligation to amend her schedules or disclosure statements to identify a cause of action as a contingent asset). It is not even necessary that a plaintiff know "all" facts giving rise to a particular claim. *See Hay v. First Interstate Bank of Kalispell*, 978 F.2d 555, 557 (9th Cir. 1992) ("We recognize that *all* facts were not known to [Plaintiff] at that time, but enough was known to require notification of the existence of the asset to the bankruptcy court.") (emphasis in original). And it is also not necessary that the plaintiff understand that the facts "give rise to a cause of action." *Carr*, 2013 WL 5946364, at *5.

Hamilton* explained that "[t]he debtor, once he institutes the bankruptcy process, disrupts the flow of commerce and obtains a stay and the benefits derived by listing all his assets." *Hamilton*, 270 F.3d at 785. Further, "[t]he Bankruptcy Code and Rules 'impose upon the bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims'" that "continues for the duration of the bankruptcy proceeding." *Id*. A failure to do so "deceive[s] the bankruptcy court and [a plaintiff's] creditors, who rel[y] on the schedules to determine what action, if any, they … take in the matter." *Id*. On that basis the court stated: "Hamilton did enjoy the benefit of both an automatic stay and a discharge of debt in his Chapter 7 bankruptcy proceeding. However, it is his *failure to disclose assets on his bankruptcy schedules* that provides the most compelling reason to bar him from prosecuting claims…." *Id*. (emphasis added).

*HPG Corp. v. Aurora Loan Services, LLC*, 436 B.R. 569 (E.D. Cal. 2010) explains further:

> [A]s in *Hamilton*, plaintiffs have asserted inconsistent positions by failing to include a cause of  action in their bankruptcy filings and subsequently attempting to sue on that claim outside of the bankruptcy proceeding. *See Hamilton*, 270 F.3d at 784. These claims were the property of the bankruptcy estate, and plaintiffs, whether by an act of attempted deceit or mere oversight, failed to list the claims for relief when required to do so. By filing their petitions with the bankruptcy court, the debtors, by operation of laws that initially presume the filing of good-faith and truthful petitions, received the benefits of automatic stays from the bankruptcy courts. *See Hamilton*, 270 F.3d at 784 (noting that discharge of debt is not required to meet the judicial acceptance prong and that "[t]he bankruptcy court may 'accept' the debtor's assertions by relying on the debtor's nondisclosure of potential claims in many other ways."). … While the bankruptcy petitions were each ultimately dismissed, the individual plaintiffs enjoyed the benefit of these stays, not once, but twice, and, in both instances, failed to comply with the requirement of full, accurate disclosures.

*Id*. at 578.

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Rabidou v. Wachovia Corporation f/k/a World Savings Bank, FSB, et al.*, Case No. 5:14-CV-03684-PSG

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

Here, Plaintiff filed a voluntary petition for Chapter 13 bankruptcy on August 7, 2012. (RJN, Exh. 6).  However, despite having "knowledge of enough facts to know that" he had "potential" claims with respect to his many requests for a loan modification from 2007 to 2012, Plaintiff filed his initial bankruptcy schedules and did not disclose a single claim against Wells Fargo.  (RJN, Exh. 6 at p. 9) (failing to identify any litigation claims against Wells Fargo).  Further, with respect to Plaintiff's claims concerning his more recent requests for a loan modification, Plaintiff has never amended his bankruptcy schedules to include any such claims against Wells Fargo.  (RJN, Exh. 7-9) (failing to identify any claims against Wells Fargo on amended schedules).  For the two years this bankruptcy has been pending, the Bankruptcy Court, the bankruptcy trustee, and Plaintiff's creditors have relied on schedules which do not disclose Plaintiff's claims against Wells Fargo.  Yet, Plaintiff has received the benefit of the automatic stay during this time.  Further, the trustee and Plaintiff's creditors relied on the information in these schedules in conducting the meeting of creditors, submitting their proofs of claim, and responding to Plaintiff's proposed plans of reorganization. (RJN, Ex. 9).

Accordingly, Plaintiff is judicially estopped from asserting his claims in this case.  As such, this Court should grant Wells Fargo's Motion to Dismiss each of Plaintiff's claims as a matter of law.

**B.      Plaintiff's First Cause Of Action For Negligence Must Fail**

**1.      Plaintiff's Negligence Claim Is Time-Barred**

Plaintiff claims that Wells Fargo was negligent in processing Plaintiff's numerous requests to modify his loan.  (Compl., ¶ 32).  However, as Plaintiff's negligence claim is premised on events that allegedly occurred over two years ago, this claim is time-barred.  Code Civ. Proc. § 335.1 (two-year statute of limitation for negligence claims).  While Plaintiff generally claims that Wells Fargo was negligent in processing Plaintiff's loan modification requests "over a 7 year period" (Compl., ¶ 32), Plaintiff identifies only two specific instances to support this assertion.  Specifically, Plaintiff claims that Wells Fargo employee Sharon Zungia failed to inform him that his loan modification application was "recommended for approval" in January of 2009.  (Compl., ¶¶ 38-40).  In addition,

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Rabidou v. Wachovia Corporation f/k/a World Savings Bank, FSB, et al.*, Case No. 5:14-CV-03684-PSG

Plaintiff claims that Wells Fargo wrongfully sold the Property at auction on June 21, 2010[2] – a sale Plaintiff admits was rescinded. (Compl., ¶ 42; *but see id.* at ¶ 63). However, as Plaintiff did not file the Complaint until June 17, 2014, this claim is untimely.

**a.      Equitable Tolling Is Not Proper Because Plaintiff Failed To Exercise Due Diligence**

Plaintiff's Complaint generally claims that "any statutes of limitation have been tolled by [Wells Fargo's] continuing knowing and active concealment of the facts alleged herein." (Compl., ¶¶ 28-30). However, as Plaintiff had access to all of the relevant facts at all times alleged herein, the delayed discovery rule is not applicable.

Specifically, "[a] cause of action accrues when the claim is complete with all of its elements." *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,522 F.3d 1049, 1054 (9th Cir. 2008) (citing *Slovensky v. Friedman*, 142 Cal.App.4th, 1518 (2006). Pursuant to California's discovery rule, accrual is postponed until "the plaintiff either discovers or has reason to discover the existence of a claim, i.e., at least has reason to suspect a factual basis for its elements." *Platt*, 522 F.3d at 1054 (citations omitted). However, a plaintiff is **"required to conduct a reasonable investigation** after becoming aware of an injury, and is charged with knowledge of the information that would have been revealed by such an investigation….So long as there is a **reasonable ground for suspicion**, the **plaintiff must go out and find the facts**; she cannot wait for the facts to find her." *Id.* (citation omitted) (emphasis added); accord *V.C. v. Los Angeles Unified Sch. Dist.*, 139 Cal.App.4th, 499, 516, (2006) ("Rather than examining whether the plaintiffs suspect facts supporting each specific legal element of a particular cause of action, we look to whether the plaintiffs **have reason to at least suspect** that a type of wrongdoing has injured them.") (emphasis added); accord *Castillo v. Wells Fargo Bank, N.A.*, 2:13-cv-08931, 2014 WL 1631389 *5 (C.D. Cal. Apr. 23, 2014) (finding plaintiff's "lack of knowledge of mortgage terminology" insufficient to constitute equitable tolling when plaintiff had every opportunity to review the terms of the contract); accord *Mendenhall v. JP*

---

[2] Paragraph 42 of Plaintiff's Complaint erroneously states that the foreclosure sale occurred in June of 2011, but admits elsewhere in the Complaint that the sale occurred in June of 2010. (Compl., ¶ 42); (*but see id.*, ¶¶ 22, 63).

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Rabidou v. Wachovia Corporation f/k/a World Savings Bank, FSB, et al.*, Case No. 5:14-CV-03684-PSG

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

*Morgan Chase Bank*, No. C-10-5302, 2011 WL 1557884 *4 (N.D. Cal. Apr. 25, 2011) (finding equitable tolling not appropriate when plaintiffs had inquiry notice of alleged inconsistencies in loan documents, despite plaintiffs' claims that they were unaware of a possible claim).

Here, the crux of Plaintiff's allegations is that Wells Fargo negligently processed his loan modification application by requesting documents that he already provided. (Compl., ¶ 42). Assuming *arguendo* that such allegations are true, as Wells Fargo must for purposes of this motion, it is clear that Plaintiff would have had, at the very least, a "reasonable ground for suspicion" each time Wells Fargo requested a document that Plaintiff allegedly previously provided. *See Platt*, 522 F.3d at 1054.

Furthermore, Plaintiff claims to have recently discovered his alleged injuries by, at the advice of his attorney, visiting a Wells Fargo Home Preservation Center in May of 2014 where he was granted access to his loan modification files. (Compl., ¶ 42). As Plaintiff has failed to allege any facts demonstrating that this option was not available to him at all times prior to May of 2014, tolling is not proper. *Platt*, 522 F.3d at 1054 ("[P]laintiff must go out and find the facts"); accord *Socop–Gonzalez v. I.N.S.*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc) (internal citations omitted) (equitable tolling only applies "in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim."); accord *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (citing *Socop-Gonzalez* and declining to toll statute of limitations when plaintiff did not allege circumstances beyond their control that prevented them from discovering the relevant information); accord *Silvas v. G.E. Money Bank*, 449 Fed.Appx.641, 644 (9th Cir. 2011) (finding equitable tolling was not appropriate when plaintiff "did not make any showing of due diligence to discover the contents of her loan documents."); accord *Spurlock v. Carrington Mortg. Services, Inc.*, No. 09CV2273, 2010 WL 3069733 *5 (S.D. Cal. Aug. 4, 2010) (equitable tolling not appropriate when the court could find "nothing in the facts of [the case] that would have prevented Plaintiffs from" discovering the information); *Hubbard v. Fidelity Federal Bank*, 91 F.3d 75 (9th Cir. 1996) (declining to toll statute

1   of limitations when plaintiff claimed to discover "possible anomalies or errors in her loan" because

2   nothing prevented plaintiff from reviewing the contents sooner).

3       Thus, as Plaintiff has failed to exercise due diligence in investigating his claims prior to the

4   filing of this lawsuit, equitable tolling is not appropriate.

5           **b.      Plaintiff Has Not Established A Continuing Violation**

6       Plaintiff's Complaint further asserts the unsupported conclusory statement that the statute of

7   limitations is tolled because "[Wells Fargo's] conduct constitutes an ongoing violation of Plaintiffs'

8   rights, which continues to the present." (Compl., ¶ 30).  First, as discussed in greater detail below,

9   Plaintiff does not have a "right" to a loan modification.  Second, Plaintiff has offered no support for

10  his claim that Wells Fargo's twelve separate and distinct reviews of his individual loan modification

11  applications - which admittedly involved the review of amended and/or modified financial

12  information- could possibly constitute a "continuing violation" for purposes of tolling the statute of

13  limitations.

14      Thus, the statute of limitations should not be tolled for this additional reason.

15          **2.      Plaintiff Cannot Plead A Negligence Claim Against Wells Fargo**

16      "The elements of a cause of action for negligence are (1) a legal duty to use reasonable care,

17  (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's

18  injury." *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 1339 (1998) (citation omitted).  The

19  existence of a duty is a matter of law determined by the court.  *Kentucky Fried Chicken of Cal., Inc.*

20  *v. Superior Court*, 14 Cal.4th 814, 819 (1997).  "Absent the existence of duty… there can be no

21  breach and no negligence."  *Nichols v. Keller*, 15 Cal.App.4th 1672, 1683 (1993).

22      California courts have long held that there is no fiduciary duty or duty of care owed to a

23  borrower where an institution's involvement in the loan transaction "does not exceed the scope of its

24  conventional role as a mere lender of money."  *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231

25  Cal.App.3d 1089, 1096 (1991).  Further, "[a]bsent 'special circumstances' a loan transaction 'is at

26  arms-length and there is no fiduciary relationship between the borrower and lender.'"  *Oaks Mgmt.*

27

28

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Rabidou v. Wachovia Corporation f/k/a World Savings Bank, FSB, et al.*, Case No. 5:14-CV-03684-PSG

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1   *Corp. v. Superior Court,* 145 Cal. App. 4th 453, 466 (2006).  As Wells Fargo owed no duty to

2   Plaintiff, his negligence claim against Wells Fargo must fail.

3     Wells Fargo acknowledges that one recent published California Court of Appeal opinion

4   provides that a borrower may be able to assert a negligence claim against a loan servicer based upon

5   alleged mishandling of a loan modification application.  *See Alvarez v. BAC Home Loans Servicing,*

6   *L.P.,* __ Cal.App.4th __, 2014 WL 3883282 (Aug. 7, 2014).  However, this case goes against the

7   large volume of California opinions finding that "[a] loan modification, which is nothing more than a

8   renegotiation of loan terms, falls well within a[n] institution's conventional money-lending role."

9   *Gonzalez v. Wells Fargo Bank*, 2012 WL 5350035, *6 (N.D. Cal. Oct. 29, 2012); accord  *Casault v.*

10  *Fed. Nat. Mortgage Ass'n,* 915 F.Supp.2d 1113, 1130-31 (C.D. Cal. 2012) ("This Court finds that the

11  six-factor test is unnecessary to determine that no duty can be established as many of the California

12  district courts, particularly in the Central District, have found that modifying the terms of a loan is

13  'intimately tied to Defendant's lending role.'") (citations omitted);  *Armstrong v. Chevy Chase Bank*,

14  FSB, 2012 WL 4747165, *4 (N.D. Cal. Oct. 3, 2012) ("The problem with this argument is that a

15  loan modification, which at its core is an attempt by a money lender to salvage a troubled loan, is

16  nothing more than a renegotiation of loan terms. This renegotiation is the same activity that occurred

17  when the loan was first originated; the only difference being that the loan is already in existence.");

18  *Settle v. World Sav. Bank, F.S.B.*, 2012 WL 1026103, *8 (C.D. Cal. Jan. 11, 2012) ("[A] loan

19  modification [i]s a traditional money lending activity, warranting application of the rule articulated

20  in *Nymark* … that a financial institution in general owes no duty of care to a borrower"); *Dooms v.*

21  *Fed. Home Loan Mortg. Corp.*, No. 11–0352, 2011 WL 1232989, *12 (E.D. Cal. Mar. 31, 2011)

22  (holding that lender owed plaintiff no duty of care related to her loan modification attempts).

23    Further, the Court in *Alvarez* relied heavily on the case of *Jolley v. Chase Home Finance,*

24  *LLC*, 213 Cal.App.4th 872 (2013).  However, in *Jolley*, the plaintiff's negligence claim involved not

25  only allegations relating to loan modification negotiations, but allegations that plaintiff's lender did

26  not properly disburse construction loan funds.  Moreover, *Jolley* involved a construction loan

27  agreement, not a residential loan agreement.  *See Jolley*, 213 Cal.App.4th  at 877.  *Jolley* is

28

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Rabidou v. Wachovia Corporation f/k/a World Savings Bank, FSB, et al.*, Case No. 5:14-CV-03684-PSG

distinguishable from the facts of this case as a result.  *See Diunugala v. JP Morgan Chase Bank, N.A.*, 2013 WL 5568737, *4 (S.D. Cal. Oct. 3, 2013) ("The Court finds *Jolley* to be inapposite to this case, which involves a residential home loan and related loan servicing issues.").

The Court in *Alvarez* also relies heavily upon the opinion in *Garcia v. Ocwen Loan Servicing, LLC*, 2010 WL 1881098 (N.D. Cal. May 10, 2010).  However, Plaintiff's allegations in this Complaint are not like those at issue in *Garcia*.  As one court evaluating analogous allegations to this case explained:

> *Garcia* did involve a loan modification application, but the conduct at issue was different. The foreseeability of harm, the degree of certainty that the plaintiff suffered injury, and the closeness of the connection between the defendant's conduct and the injury suffered (three of the *Biakanja* factors) were all clearer in *Garcia* because the defendant sold plaintiff's house at a trustee's sale after misdirecting paperwork and failing to inform the plaintiff of the impending sale. The court relied upon the fact that as a result of the defendant's conduct, the plaintiff had permanently lost the possibility of modification and lost his house. Here, the Property has not been sold at a foreclosure sale[3] nor does Plaintiff allege that he has lost the possibility of obtaining a loan modification.

*Scotten v. First Horizon Home Loan Corp.*, 2012 WL 3277104, *5 (E.D. Cal. Aug. 9, 2012); *see also; Argueta v. J.P. Morgan Chase*, 2011 WL 2619060, *5 (E.D. Cal. 2011) (based on weight of authority, declining to follow  *Garcia*).

Nor are Plaintiff's allegations here similar to those in *Alvarez*.  Here, Plaintiff still lives in the Property (despite his continued default) and still has the opportunity to apply for further loan modifications.  (*See* Compl., Exh. H) (letter from Wells Fargo dated April 2, 2014 stating "[i]f there has been a change in the customer's financial situation, please contact the assigned Home Preservation Specialist.").

Moreover, even if Wells Fargo owed Plaintiff a duty of care – which it does not – Plaintiff is unable to establish any injury as a result of any alleged breach because Wells Fargo ultimately had no statutory duty under California law to actually give Plaintiff a loan modification.  *See Nastrom v. JPMorgan Chase Bank, N.A.*, No. 11-01998, 2012 WL 5522795, *6 (E.D. Cal. Nov. 14, 2012) ("In California, lenders do not have a statutory duty to agree to a mortgage loan modification.") (citing

---

[3] The foreclosure sale that occurred in June of 2010 was rescinded.  (Compl., ¶ 63).

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1   *Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal.App.4th 1602, 1617 (2010)); accord *Mabry v.*

2   *Superior Court*, 185 Cal.App.4th 208, 222-23 & n.9 (2010); accord *Intengan v. BAC Home Loans*

3   *Servicing LP*, 214 Cal.App.4th 1047, 2013 WL 1180435, *5 (2013).  Thus, even if Wells Fargo

4   found that Plaintiff was eligible for a loan modification – it had no duty to actually provide Plaintiff

5   a loan modification.  Accordingly, Plaintiff cannot claim to have been injured by Wells Fargo's

6   conduct in denying his loan modification applications.  *See DeLeon v. Wells Fargo Bank, N.A.*, 2011

7   WL 311376, *7  (N.D. Cal. Jan. 28, 2011) (plaintiffs' default, not defendant's conduct, caused

8   alleged injury).

9       For all of these reasons, Plaintiff does not state a valid negligence claim against Wells Fargo,

10   and this claim should be dismissed with prejudice.

11   **C.      Plaintiff's Second, Third, and Fourth Fraud-Based Causes Of Action Must Fail**

12   **1.      Plaintiff's Fraud-Based Claims Are Time-Barred**

13       Plaintiff's second, third, and fourth causes of action allege that Wells Fargo misrepresented

14   the status of his requests to modify his loan.  While Plaintiff generally claims that Wells Fargo made

15   "a series of false representations" to Plaintiff from January of 2009 to February 2014, Plaintiff only

16   identifies specific instances that allegedly occurred from January of 2009 to March of 2012.  (*See*

17   *e.g.* Compl., ¶¶ 47, 63-70, 79, 84-86).  As a result, each of these claims is time-barred.  Code Civ.

18   Proc. § 338(d) (three-year statute of limitations for "[a]n action for relief on the ground of fraud or

19   mistake"); Code Civ. Proc. § 339(1) (two-year statute of limitations for negligent misrepresentation).

20       While California has a discovery rule for fraud-based claims, a plaintiff is **required to**

21   **engage in a diligent investigation** upon **reasonable grounds for suspicion**.  *Platt*, 522 F.3d at

22   1054 (citation omitted) (emphasis added); accord *V.C.,* 139 Cal.App.4th at 516 ("Rather than

23   examining whether the plaintiffs suspect facts supporting each specific legal element of a particular

24   cause of action, we look to whether the plaintiffs **have reason to at least suspect** that a type of

25   wrongdoing has injured them.") (emphasis added); accord *Castillo,* 2014 WL 1631389 *5(finding

26   plaintiff's "lack of knowledge of mortgage terminology" insufficient to constitute equitable tolling

27   when plaintiff had every opportunity to review the terms of the contract); accord *Mendenhall,,* 2011

28

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Rabidou v. Wachovia Corporation f/k/a World Savings Bank, FSB, et al.,* Case No. 5:14-CV-03684-PSG

WL 1557884 *4 (finding equitable tolling not appropriate when plaintiffs had inquiry notice of

alleged inconsistencies in loan documents, despite plaintiffs' claims that they were unaware of a

possible claim).  Further, to the extent Plaintiff's claims are based on fraudulent concealment, his

Complaint must show: "(1) when the fraud was discovered; (2) the circumstances under which it was

discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or

presumptive knowledge of facts sufficient to put him on inquiry."  *Platt*, 522 F.3d at 1055 (citing

*Baker v. Beech Aircraft Corp*., 39 Cal.App.3d 315, 321, 114 Cal.Rptr. 171 (1974) (citation omitted).

"In urging lack of means of obtaining knowledge, it must be shown that in the exercise of reasonable

diligence the facts could not have been discovered at an earlier date."  *Id*.  Furthermore, "[w]here the

basis of equitable tolling is fraudulent concealment, it must be pled with particularity under Rule

9(b) of the Federal Rules of Civil Procedure."  *Ireland v. Centralbanc Mortg. Corp.*, No. 5:12-cv-

02991, 2012 WL 4181418 *5 (N.D. Cal. 2012).

Plaintiff's entire Complaint is premised on the assertion that Wells Fargo hindered Plaintiff's

requests to modify his loan.  (*See e.g.* Compl., ¶¶ 51, 62, 69, 81).  As discussed above, assuming

*arguendo* that such allegations are true, it is clear that Plaintiff would have had, at the very least, a

"reasonable ground for suspicion" of his alleged injury in light of Plaintiff's supporting allegations

concerning the duplicate requests for documents.  *See Platt*, 522 F.3d at 1054 (Plaintiff must

exercise due diligence in investigating his claims once he has a reasonable ground for suspicion).

Furthermore, Plaintiff does not claim that he did not have access to his entire loan modification file

via the Wells Fargo Home Preservation Center prior to May of 2014 – nor could he in good faith.

(*See* Compl., ¶ 42).  Thus, Plaintiff failed to exercise due diligence in investigating his fraud claims

prior to the filing of this lawsuit.  As a result, each of Plaintiff's fraud-based claim is barred by the

statute of limitations.

### 2.   Plaintiff Has Failed To Adequately Plead A Fraud Claim

Setting aside the fact that each of Plaintiff's fraud-based claims is time-barred, these claims

are also inadequately plead.  The elements of a cause of action for fraud consist of (a)

misrepresentation, (b) knowledge of falsity, (c) intent to defraud or induce reliance, (d) justifiable

12

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1    reliance, and (e) resulting damage.  *Philipson & Simon v. Gulsvig*, 154 Cal.App.4th 347, 363 (2007).

2    "[E]very element of the cause of action for fraud must be alleged in full, factually and

3    specifically,…."  *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal.App.3d 1324, 1331 (1986).

4    The absence of any one of these essential elements will preclude recovery.  *Gonsalves v. Hodgson*,

5    38 Cal.2d 91, 101 (1958).  "The same elements comprise a cause of action for negligent

6    misrepresentation, except there is not a requirement of intent to induce reliance."  *Cadio v. Owens–*

7    *Illinois, Inc.*, 125 Cal.App.4th 513, 519 (2004).  Accordingly, California courts have similarly held

8    that "[e]ach element in a cause of action for … negligent misrepresentation must be factually and

9    specifically alleged."  *See id.*, citing *Small v. Fritz Companies, Inc.*, 30 Cal.4th 167, 173 (2003).

10       Furthermore, as to corporate defendants like Wells Fargo, Plaintiff must also "allege the

11   names of the persons who made the allegedly fraudulent representations, their authority to speak, to

12   whom they spoke, what they said or wrote, and when it was said or written."  *Tarmann v. State Farm*

13   *Mut. Auto Ins. Co.*, 2 Cal.App.4th 153, 157 (1991); *accord Hamilton v. Greenwich Investors XXVI,*

14   *LLC*, 195 Cal.App.4th 1602, 1615 (2011) (affirming decision to sustain demurrer to fraud claim

15   where plaintiffs did "not say who at [the defendant company] made any statements to them").

16       Plaintiff's allegations in support of his second, third, and fourth causes of action do not meet

17   the heightened particularity standard.  First, Plaintiff's allegations fall far short of informing Wells

18   Fargo of its role in any alleged fraud or negligent misrepresentation by failing to identify the time,

19   place, and nature of many of the purported misrepresentations.  Moreover, as discussed below,

20   Plaintiff has failed to adequately plead each of the five required elements of fraud.

21              a.       **Plaintiff Has Failed To Allege Facts Evidencing A**

22                       **Misrepresentation**

23       Plaintiff claims that Wells Fargo engaged in fraud by misrepresenting its intent to assist him

24   with foreclosure prevention alternatives.  (*See* Compl., ¶¶ 48, 51, 62, 81).  In support of this

25   conclusion, Plaintiff claims that (1) Wells Fargo failed to inform Plaintiff that he "was recommended

26   for approval" for a loan modification in January of 2009 (*see id.*, ¶¶ 46, 49, 79); (2) Wells Fargo

27   foreclosed on the Property in June of 2010 after advising Plaintiff that no foreclosure proceedings

28

1    would occur (*see id.*, ¶¶ 63, 79, 89); and (3) Wells Fargo repeatedly requested documents that

2    Plaintiff already provided (*see id.*, ¶¶ 64-71).  However, Plaintiff fails to "full[y], factually and

3    specifically" plead misrepresentation.  *Wilhelm*, 186 Cal.App.3d at 1331 ("[E]very element of the

4    cause of action for fraud must be alleged in full, factually and specifically….").

5         First, with regard to the alleged recommendation for approval in 2009, assuming *arguendo*

6    that Plaintiff's claim is correct, Plaintiff appears to confuse "recommended for approval" with an

7    actual approval.  (*See* Compl., ¶ 46) ("Wells Fargo's computer system showed that Plaintiff's loan

8    modification request had been **recommended for approval**.") (emphasis added).  Plaintiff has failed

9    to allege any facts supporting his conclusion that a *recommendation* for approval would actually

10   result in approval.  Rather, Plaintiff admits that before the supposed recommendation for approval

11   could move forward, Wells Fargo determined that additional information was needed.  (*See id.*, ¶ 47)

12   (Wells Fargo advised in 2014 that "before any action could be taken, the file was closed for not

13   providing proof of rental income.").  Second, Plaintiff's claim concerning the foreclosure of the

14   Property in June of 2010 is moot in light of Plaintiff's concession that the foreclosure sale was

15   actually rescinded.  (*Id.*, ¶ 63).  Third, with regard to Plaintiff's claims concerning Wells Fargo's

16   alleged requests for duplicative documents, Plaintiff fails to allege any **<u>facts</u>** that these requests were

17   not warranted[4].

18        Thus, Plaintiff has failed to fully, factually and specifically establish the required element of

19   misrepresentation for his fraud claims.

20        **b.    Plaintiff Has Failed to Allege Facts Evidencing Wells Fargo's**

21              **Knowledge Of Any False Statements**

22        Similar to the foregoing, Plaintiff fails to plead any **<u>facts</u>** alleging that Wells Fargo

23   knowingly made any false statements to Plaintiff.  While Plaintiff claims that Wells Fargo made

24   certain misrepresentations "knowing that they were either false or without checking to see if the

25

26

27   _____

     [4] Notably, Plaintiff's Complaint contains numerous assertions that he previously provided documentation requested by
     Wells Fargo.  However, a closer look at the exhibits to the Complaint reveals that Plaintiff only attached handwritten fax
     coversheets to the Complaint –not the actual documentation that he allegedly provided to Wells Fargo.  (*See* Compl.,

28   Exhs. B, D at pp. 5-6, E at pp. 5-7, F at pp 4-8).

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Rabidou v. Wachovia Corporation f/k/a World Savings Bank, FSB, et al.*, Case No. 5:14-CV-03684-PSG

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1  statements…were in fact true," this conclusory statement in sufficient to establish the element of

2  knowledge for a fraud claim.  (*See id.*, ¶¶ 72, 80).

3         Thus, Plaintiff has failed to fully, factually and specifically establish the required knowledge

4  element of his fraud claims.

### c.    Plaintiff Has Failed To Allege Facts Evidencing Wells Fargo's Intent To Defraud Or Induce Reliance

7         Plaintiff's Complaint does not allege any **facts** evidencing Wells Fargo's intent to deceive

8  and/or defraud Plaintiff.  Rather, Plaintiff simply repeats the conclusory statement that "[Wells

9  Fargo] was aware of the misrepresentation and profited from them."  (*See id.*, ¶¶ 54, 75, 88).

10  Plaintiff claims that Wells Fargo "profited" in delaying and/or denying Plaintiff's request for a loan

11  modification by accruing additional late fees and costs on his loan.  (*Id.*, ¶¶ 48, 81).  However,

12  Plaintiff pleads no facts to establish an actual intent to defraud.  Again, Plaintiff has not actually paid

13  his loan since 2008.  (*Id.*, Exh. H).  Furthermore, setting aside Plaintiff's severe delinquency on the

14  loan (over $322,907.25), Wells Fargo has actually paid over **$55,731.02** to cover the property taxes

15  and homeowners' insurance associated with the Property and owed by Plaintiff during the six years

16  that Plaintiff has been living in the Property rent-free.  (*Id.*).

17         Thus, Plaintiff has failed to fully, factually and specifically establish the required intent to

18  defraud or induce element of his fraud claims.

### d.    Plaintiff Has Failed To Allege Facts To Establish Justifiable Reliance

21         Plaintiff admits to applying for a loan modification over twelve times.  (*Id.*, ¶ 65; *id.*, Exh.

22  H).  Plaintiff further claims that eight of the twelve denials he received from Wells Fargo were based

23  upon missing documentation he allegedly provided.  (*Id.*, ¶¶65-73, 83-87).  Assuming *arguendo* that

24  Plaintiff's allegations are correct, Plaintiff was not justified in his alleged continued reliance that

25  Wells Fargo would agree to modify his loan.  (*See id.*).

26         Furthermore, Plaintiff remained obligated under the terms of his loan throughout every

27  modification review.  Thus, Plaintiff's continued default on the loan and failure to seek additional

28

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

15

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

measures to bring his loan current cannot be "reasonably justified" by his request for Wells Fargo to modify his loan.  *Khan v. CitiMortgage, Inc.*, 975 F.Supp.2d 1127, 1141 (E.D. Cal. Sept 30, 2013) (dismissing fraud claim against lender as plaintiff's alleged reliance on a potential loan modification was not justified because plaintiff remained obligated under the terms of her note and deed of trust).

Thus, Plaintiff has failed to fully, factually and specifically establish the required justified reliance element of his fraud claims.

### e.    Plaintiff Has Failed To Allege That He Was Damaged By Wells Fargo's Conduct

Similarly, Plaintiff has also failed to allege any actual damages.  Again, the Property has not been sold at a foreclosure sale and Plaintiff is still living in the Property.  (Compl., ¶ 12).  Further, as discussed above, Plaintiff remained obligated under the terms of his loan throughout every loan modification review, regardless of the outcome of the review.  However, Plaintiff has not paid his mortgage payments since March of 2008  and the 2010 foreclosure sale was rescinded (*Id.*, Exh. H, ¶ 63).

Furthermore, Plaintiff's severe default is the cause of any alleged damages.  *DeLeon*, 2011 WL 311376 at *7 (plaintiff's default was the cause of his damages); *See Williams v. Wraxall*, 33 Cal.App.4th 120, 132 (1996) ("Deception without resulting loss is not actionable fraud."); accord *Conrad v. Bank of Am.*, 45 Cal.App.4th 133, 159-60 (1996) ("Misrepresentation, even maliciously committed, does not support a cause of action [for fraud] unless the plaintiff suffered consequential damages"); *Lawther v. Onewest Bank, FSB, et al.*, No. 00054, 2012 WL 298110 (N.D. Cal. Feb. 1, 2012) *19 ("Plaintiff's admitted default on the loan . . . is the cause of the [damages]"). Thus, Plaintiff has failed to fully, factually and specifically establish the required damages element of his fraud claims.

For all of the above reasons, Plaintiff's second, third, and fourth cases of action should be dismissed.

### D.   Plaintiff's Fifth Cause Of Action For Violation Of Business & Professions Code Section 17200 Fails To State A Claim

In his fifth cause of action, Plaintiff purports to assert a claim for violation of California's Unfair Competition Law ("UCL") which is based solely upon his other causes of action. Indeed, Plaintiff merely incorporates by reference the allegations set forth in his other claims. (Compl., ¶ 94). However, to state a claim under the UCL, a plaintiff must allege that a given defendant engaged in an "unlawful, unfair or fraudulent business act or practice" which caused the plaintiff to suffer "injury in fact" and "lost money or property." *See* Bus. & Prof. Code § 17204; *Bernardo v. Planned Parenthood Fed. of America,* 115 Cal.App.4th 322 (2004). In doing so, "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal.App.4th 612, 619 (1993).

Here, Plaintiff has not alleged the existence of any "unlawful, unfair or fraudulent business act or practice." To the extent this claim is brought under the "unlawful" prong of the UCL, it fails because Plaintiff fails to properly allege the violation of any other law[5]. *See Krantz v. BT Visual Images, LLC,* 89 Cal.App.4th 164, 178 (2001) ("unlawful" prong requires underlying violation of law); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1190-91 (N.D. Cal. 2009) ("[S]ince the Court has dismissed all of the Plaintiff's predicate violations, Plaintiff cannot state a claim under the unlawful business practice prong of the UCL.").

To whatever extent Plaintiff attempts to bring a claim under the UCL's "unfair" or "fraudulent" prong, this claim is inadequately pled. An "unfair" practice must be "tethered" to specific "constitutional, statutory, or regulatory provisions." *Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917, 940 (2003). Because Plaintiff fails to plead, with particularity, that Wells Fargo

---

[5] Notably, Plaintiff attempts to tie his claims to the Homeowners Bill of Rights ("HBOR"), but admits that HBOR was not in effect during the relevant time period. (Compl., ¶ 96). Plaintiff cannot rely on a statute that was not in effect during the alleged misconduct. *McGough v. Wells Fargo Bank, N.A.*, 2012 WL 5199411, *5 n. 4 (N.D. Cal. Oct. 22, 2012) ("The amendments [in the Homeowner Bill of Rights] do not go into effect until Jan. 1, 2013 and there is no indication that the law is intended to be, or will be, applied retroactively.").

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

17

1    engaged in such "unfair" practices, they fail to state a claim under the "unfair" prong of the UCL.

2    *See Khoury*, 14 Cal.App.4th at 619 (UCL claims must be pled with particularity).

3         Further, "to state a claim under the UCL based on fraudulent conduct, a plaintiff must allege,

4    with particularity, facts sufficient to establish that the public would likely be deceived by

5    Defendants' conduct." *Perez v. Wells Fargo Bank, N.A.*, 2011 WL 3809808, *16 (N.D. Cal. Aug,

6    29, 2011). No such conduct is alleged here. *See id.* at *16 (dismissing UCL claim explaining that

7    "Plaintiffs have not met this standard because they have not identified specific deceptive statements

8    or omissions … or alleged facts showing why those specific statements or omissions would be likely

9    to deceive the public."); *Altman v. PNC Mortg.*, 850 F.Supp.2d 1057, 1077 (E.D. Cal. Jan. 20, 2012)

10   (dismissing UCL claim because "[t]he complaint … lacks … facts to describe how consumers were

11   deceived").

12        Plaintiff also lacks standing to bring a UCL claim against Wells Fargo at all. "To bring a

13   claim under the UCL, … [a plaintiff] must have suffered an injury in fact and lost money or property

14   as a result of [the] alleged unfair or fraudulent practices." *DeLeon,* 2011 WL 311376, *7 (N.D. Cal.

15   Jan. 28, 2011) (citing Cal. Bus. & Prof. Code § 17204). "That causal connection is broken when a

16   complaining party would suffer the same harm whether or not a defendant complied with the law."

17   *Daro v. Superior Cour*t, 151 Cal. App. 4th 1079, 1099 (2007). In this case, Plaintiff does not allege

18   that he paid Wells Fargo any money other than that due and owing on his loan. While Plaintiff cites

19   to *Kwikset v. Superior Court,* 51 Cal.4th 310, 322 (2011) for the proposition that a property

20   wrongfully sold at foreclosure can satisfy the damages requirement of a UCL claim (Compl., ¶ 98),

21   the Property has not been sold[6]. (Compl., ¶ 63) (admitting that June 2010 foreclosure sale was

22   rescinded). In fact, Plaintiff has been living in the Property rent-free for over six years and there is

23   no foreclosure sale pending —thus, Plaintiff has not lost any property. Plaintiff lacks standing to

24   assert a UCL claim against Wells Fargo as a result.

25        Plaintiff's fifth cause of action should be dismissed as a result.

26

27

28   _____
     [6] Plaintiff admits that the June 2010 foreclosure sale was rescinded. (Compl., ¶ 63).

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

18

**E.** **Plaintiff's Sixth Cause Of Action For Violation Of The Truth In Lending Act Must Fail**

Plaintiff's sixth cause of action asserts that he is entitled to damages under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g) because Wells Fargo allegedly did not send necessary disclosures notifying Plaintiff of its merger with Wachovia. (Compl., ¶¶ 113, 117). However, the merger occurred in October of 2010. (*Id.*, ¶ 111). The statute of limitations for damages under § 1641(g) is one-year from the date of the violation. 15 U.S.C.A. § 1640(e). Therefore, regardless of the merit of this claim (and there is none), any alleged right of Plaintiff to bring a claim under TILA lapsed, at the latest, in 2011. As Plaintiff did not file this Complaint until July of 2014, this claim must fail as a matter of law.

Therefore, as Plaintiff cannot state a TILA claim as a matter of law, this claim should be dismissed with prejudice.

**F.** **Plaintiff's Seventh Cause of Action For Violation Of Cal. Civil Code Section 2924 et al. Fails To State A Claim**

Plaintiff's seventh cause of action claims that the Notice of Default recorded on July 10, 2009, violated Civil Code §§ 2924.17 and 2924(a)(6) because it was executed by Marco Marquez of Cal-Western, prior to Cal-Western being named trustee via the Substitution of Trustee recorded on August 14, 2009. (Compl., ¶¶ 130-137). This claim fails because sections 2924.17 and 2924(a)(6) were codified as part of the Homeowner's Bill of Rights ("HBOR") and were not operable in 2009. Specifically, both sections became effective on January 1, 2013. Further, there is no language in HBOR, or in any interpretive authority, which indicates that the HBOR operates retroactively. *McGough*, 2012 WL 5199411 *5 ("The amendments [in the Homeowner Bill of Rights] do not go into effect until Jan. 1, 2013 and there is no indication that the law is intended to be, or will be, applied retroactively."); *Hartford Life & Annuity Ins. Co. v. Doris Barnes*, 2012 WL 688817, *5 (C.D. Cal. Feb. 3, 2012) ("There is a presumption against the retroactive application of new legislative enactments. 'A statute that interferes with antecedent rights will not operate retroactively unless such retroactivity be the 'unequivocal and inflexible import of the terms, and the manifest

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Rabidou v. Wachovia Corporation f/k/a World Savings Bank, FSB, et al.*, Case No. 5:14-CV-03684-PSG

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

1   intention of the legislature.'") (quoting *McClung v. Emp't Dev. Dept.*, 34 Cal.4th 467, 475 (2004));

2   *Western & Southern Life Ins. Co. v. State Bd. of Equalization*, 4 Cal.App.3d 21, 34 (1970)

3   ("[R]etrospective imposition of increased liabilities should be carefully avoided.").

4       Indeed, as the California Supreme Court has said, "legislative enactments are generally

5   presumed to operate prospectively and not retroactively unless the Legislature expresses a different

6   intention." *Evangelatos v. Superior Court*, 44 Cal.3d 1188, 1208 (1988)(citations omitted).  This is

7   because California "[adheres] to the time-honored principle, codified by the Legislature in Civil

8   Code section 3 and similar provisions, that in the absence of an express retroactivity provision, a

9   statute will not be applied retroactively unless it is very clear from extrinsic sources that the

10   Legislature or the voters must have intended a retroactive application." *Id.* at 1208.  Therefore, as

11   the act Plaintiff's complain of occurred in July of 2009, Plaintiff's claim must fail on this basis

12   alone.

13       Plaintiff's claim fails for an additional reason.  Plaintiff asserts that Marco Marquez did not

14   have authority to execute the Notice of Default because Cal-Western had not yet been substituted as

15   trustee.  (Compl., ¶ 130).  However, this unsupported conclusion ignores what the document itself

16   makes clear—that Mr. Marquez was signing as an agent for Wachovia, not in the capacity as trustee.

17   (Compl., Exh. J at p. 2).  And section 2924(a)(6) specifically allows for "a designated agent of the

18   holder of the beneficial interest" to sign a Notice of Default in such capacity.  Cal. Civ. Code §

19   2924(a)(6).  Further, courts have held that the similarly worded section 2924(a)(1) specifically

20   allows authorized agents to sign such documents.  *See Gomes v. Countrywide Home Loans, Inc.*, 192

21   Cal. App. 4th 1149, 121 (2011) (explaining that "Section 2924, subdivision (a)(1) states that a

22   'trustee, mortgagee, or beneficiary, *or any of their authorized agents*' may initiate the foreclosure

23   process") (emphasis added); *Lane v. Vitek Real Estate Industries Group*, 713 F. Supp. 2d 1092, 1099

24   (E.D. Cal. 2010) ("[T]he statute broadly allows a trustee, mortgagee, beneficiary, or any of their

25   agents to initiate non-judicial foreclosure ….").

26       Plaintiff tries to overcome this issue by asserting that Marco Marquez was not actually an

27   employee of Cal-Western, but rather worked for LSI Title Company ("LSI").  (Compl., ¶ 133).

28

20

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Rabidou v. Wachovia Corporation f/k/a World Savings Bank, FSB, et al.*, Case No. 5:14-CV-03684-PSG

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

However, courts have repeatedly rejected the theory that it is improper for a person to be affiliated with two companies at the same time.  *See Chua v. IB Property Holdings, LLC*, 2011 WL 3322884, *2 (C.D. Cal. August 1, 2011) ("[T]o the extent that Plaintiffs take issue with [the document signer] Lisa Markham's dual position, Plaintiffs have not identified a relevant legal authority prohibiting one individual from working for both CitiMortgage and MERS or from acting as an agent for both"); accord *Bogosian v. CR Title Services, Inc.*, 2011 WL 2039368, *1-2 (N.D. Cal. May 18, 2011); *Zinnel v. CitiMortgage, Inc.*, 2010 WL 3715079, *4-5 (E.D. Cal. Sept. 16, 2010).  Thus, Plaintiff's claim must fail for this additional reason.

For all these reasons, Plaintiff's seventh cause of action should be dismissed without leave to amend.

## IV.   CONCLUSION

For the foregoing reasons, Wells Fargo respectfully request that this Court grant its Motion to Dismiss this action in its entirety.


Dated:  August 28, 2014                          Respectfully submitted,

                                                 LOCKE LORD LLP


                                                 By: */s/ Regina J. McClendon*
                                                 Regina J. McClendon
                                                 Lindsey E. Kress

                                                 *Attorneys for Defendant*
                                                 WELLS FARGO BANK, N.A., SUCCESSOR
                                                 BY MERGER WITH WELLS FARGO BANK
                                                 SOUTHWEST N.A., FORMERLY KNOWN
                                                 AS WACHOVIA MORTGAGE FSB,
                                                 FORMERLY KNOWN AS WORLD SAVINGS
                                                 BANK FSB

MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Rabidou v. Wachovia Corporation f/k/a World Savings Bank, FSB, et al.*, Case No. 5:14-CV-03684-PSG