UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAWRENCE RABIDOU, an individual ) | Case No. 5:14-CV-03684-PSG |
| ) | |
| Plaintiff, ) | **ORDER GRANTING MOTION TO** |
| v. ) | **DISMISS** |
| ) | |
| WACHOVIA CORPORATION F/K/A WORLD ) | **(Re: Docket No. 10)** |
| SAVINGS BANK, FSB; and WELLS FARGO ) | |
| BANK, NATIONAL ASSOCIATION ) | |
| ) | |
| Defendants. ) | |

Unhappy with the loan modification process he encountered in his effort to avoid foreclosure on his home, Plaintiff Lawrence Rabidou filed suit against Defendant Wells Fargo Bank, N.A. (successor by merger with Wells Fargo Bank Southwest N.A., formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank FSB).[1]  Because the doctrine of judicial estoppel bars each of Rabidou's claims, the court GRANTS Wells Fargo's motion to dismiss.

---

[1] *See* Docket No. 10 at 1.  Wells Fargo notes it was incorrectly sued as Wachovia Corporation f/k/a World Savings Bank, FSB and Wells Fargo Bank, National Association.

1

Case No. 5:14-cv-03684-PSG
ORDER GRANTING MOTION TO DISMISS

**I.**

Judicial estoppel is an "equitable doctrine that precludes a party from gaining advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position."[2] "[A] court invokes judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of 'general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'"[3] "The application of judicial estoppel is not limited to bar the assertion of inconsistent positions in the same litigation, but is also appropriate to bar litigants from making incompatible statements in two different cases."[4]

A debtor has a duty to file a schedule of assets and liabilities.[5] The debtor may amend the schedule as a matter of course at any time before the case is closed.[6] As such, "the Bankruptcy Code and Rules 'impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims,'"[7] or separate actions as assets.[8]

---

[2] *See Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (internal citations omitted).

[3] *See id.*

[4] *See id.* at 783 (internal citations omitted).

[5] *See* 11 U.S.C. § 521(a)(1)(B)(i).

[6] *See* Fed. R. Bankr. P. 1009(a).

[7] *See Hamilton*, 270 F.3d at 785 (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999)).

[8] *See Dzakula v. McHugh*, 746 F.3d 399, 400-01 (9th Cir. 2013) (holding that where "Plaintiff presented no evidence, by affidavit or otherwise, explaining her initial failure to include the action on her bankruptcy schedules," the district court "correctly assessed whether Plaintiff's omission was inadvertent or mistaken under the ordinary understanding of those terms.").

2
Case No. 5:14-cv-03684-PSG
ORDER GRANTING MOTION TO DISMISS

Rabidou owned fourteen homes.[9] On December 16, 2004, he entered into a consumer credit transaction with Wells Fargo, involving a $608,000 mortgage loan secured by Rabidou's principal residence.[10] A first trust deed on the property secured the note.[11] Over the next ten years, in the face of medical and financial difficulties, Rabidou lost thirteen houses, leaving him with only his primary residence.[12] Rabidou ultimately defaulted on his mortgage loan obligations, and in 2009 Wells Fargo commenced foreclosure proceedings.[13] During foreclosure proceedings, Rabidou submitted multiple loan modification applications but to no avail.[14] In 2012, Rabidou filed for Chapter 13 bankruptcy, a proceeding that is still active.[15]

In 2014, Rabidou filed suit in state court based on the improper denial of the loan modification applications.[16] Rabidou alleges: negligence, fraudulent concealment, negligent and fraudulent misrepresentation, fraudulent inducement, unfair business practices under the Business and Professions Code 17200 et seq., violation of TILA § 15 U.S.C. 1641(g) and violation of Cal. Civ. Code § 2924.[17] Despite bringing these claims, Rabidou has not amended his bankruptcy schedule to add the claims as assets.[18] After removing the case to this court, Wells Fargo moves to

---

[9] *See* Docket No. 15 at 4.

[10] *See* Docket No. 15 at 3.

[11] *See id.*

[12] *See id.* at 3-4.

[13] *See* Docket No. 10 at 2.

[14] *See id.* at 3; Docket No. 15 at 4.

[15] *See* Docket No. 10 at 2.

[16] *See* Docket No. 15 at 4.

[17] *See* Docket No. 1-1.

[18] *See* Docket No. 10 at 5; Docket No. 18 at 4; Docket No. 25.

3
Case No. 5:14-cv-03684-PSG
ORDER GRANTING MOTION TO DISMISS

dismiss each of Rabidou's claims based on judicial estoppel, the statute of limitations, and failure to state a claim.[19]

**II.**

This court has jurisdiction under 28 U.S.C. § 1331 and § 1367. The parties further consented to the jurisdiction of the undersigned under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[20]

Rabidou may be right that he has stated sufficient claims that are not barred by any statute of limitations.[21] But the court cannot reach those issues because Rabidou is judicially estopped from raising such claims here due to his failure to identify the claims on his bankruptcy schedule.[22]

**III.**

The Ninth Circuit has addressed the applicability of the equitable doctrine of judicial estoppel in the context of bankruptcy proceedings and has laid out three factors a court should consider in determining whether judicial estoppel applies.[23] A court must consider (1) whether a party's later position is clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled and (3) whether the party seeking to assert an inconsistent position would

---

[19] *See* Docket No. 10 at 3.

[20] *See* Docket Nos. 6 and 9.

[21] *See* Docket No. 15 at 2.

[22] *See* Docket No. 10 at 3.

[23] *See Hamilton*, 270 F.3d at 782.

4
Case No. 5:14-cv-03684-PSG
ORDER GRANTING MOTION TO DISMISS

cause the opposing party unfair detriment if not estopped.[24] Notwithstanding the factors enumerated above, the Ninth Circuit has noted that it does "not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel."[25] "Additional considerations may inform the doctrine's application in specific factual contexts."[26] Applying the *Hamilton* factors,[27] and bearing in mind the broader considerations of the doctrine, the court finds that judicial estoppel bars Rabidou's claims.

*First,* Rabidou's failure to disclose contingent claims against Wells Fargo in the bankruptcy proceeding constitutes a "clearly inconsistent" position to this action.[28] Given the timing of the events at issue, Rabidou knew sufficient facts giving rise to this action in 2012 when he filed his bankruptcy petition and yet he failed to disclose these claims to the bankruptcy court.[29] Even if he did not have such knowledge, over six months after filing this suit in state court,[30] aside from trying to save his home,[31] Rabidou provides no explanation as to why he inadvertently or

---

[24] *See id.*

[25] *See id.* at 783.

[26] *See id.*

[27] *See Hamilton*, 270 F.3d at 782.

[28] *See* Docket No. 10 at 2; *In re Coastal Plains Inc.*, 179 F.3d at 206; *see also Sharp v. Nationstar Mortgage, LLC*, Case No. 5:14-cv-00831-LHK, 2014 WL 4365116, at *5 (N.D. Cal. Sept. 3, 2014).

[29] *See* Docket No. 18 at 2-3; *Hay v. First Interstate Bank of Kalispell*, 978 F.2d 555, 557 (9th Cir. 1992) ("We recognize that *all* facts were not known to [Plaintiff] at that time, but enough was known to require notification of the existence of the asset to the bankruptcy court.") (emphasis in original); *Carr v. Beverly Health Care & Rehab. Servs., Inc.*, Case No. 3:12-cv-2980-EMC, 2013 WL 5946364, *5 (N.D. Cal. Nov. 5, 2013) (applying judicial estoppel despite a plaintiff's assertion that "he did not even realize that he had a potential claim or claims . . . at the time of his bankruptcy filing," because he knew the facts giving rise to the claim).

[30] *See* Docket No. 10 at 5; Docket No. 18 at 4; Docket No. 25.

[31] *See* Docket No. 15 at 18.

5
Case No. 5:14-cv-03684-PSG
ORDER GRANTING MOTION TO DISMISS

intentionally did not include this action in an amended schedule.[32] This is insufficient.

*Second,* the bankruptcy court was misled. In two years of proceedings, the bankruptcy court, the bankruptcy trustee and Rabidou's creditors have relied on a schedule which does not disclose Rabidou's claims against Wells Fargo.[33] Rabidou responds that even if his positions are inconsistent, there is no threat to judicial integrity absent success in the bankruptcy proceeding.[34] But discharge of the debt is not a prerequisite to finding judicial estoppel.[35] Rabidou had an affirmative duty to disclose this pending action either initially or through an amendment to the bankruptcy court. The trustee and Rabidou's creditors relied on the supposedly complete and current disclosure statements and schedule in conducting the meeting of creditors, submitting their proofs of claim and responding to Rabidou's proposed plans of reorganization.[36]

*Third,* absent estoppel, Rabidou would derive an unfair benefit by proceeding with this case.[37] Rabidou has received the benefit of an automatic stay of Wells Fargo's foreclosure proceedings during these actions, as well as the use of the debt that he owes Wells Fargo as

---

[32] *See* Docket No. 10 at 5; Docket No. 18 at 4; Docket No. 25; *cf. White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 476 (6th Cir. 2010) ("Two circumstances in which a debtor's failure to disclose might be deemed inadvertent are: (1) 'where the debtor lacks knowledge of the factual basis of the undisclosed claims,' and (2) where 'the debtor has no motive for concealment.'").

[33] *See* Docket No. 10 at 5.

[34] *See* Docket No. 15 at 18 (citing *U.S. for Use of Am. Bank v. C.I.T. Const. Inc. of Texas*, 944 F.2d 253, 258 (5th Cir. 1991).

[35] *See Dzakula v. McHugh*, Case No. 5:10-cv-05462-PSG, 2011 WL 1807241, at *3 (N.D. Cal. April 22, 2011) *aff'd,* 737 F.3d 633, (9th Cir. 2013) *opinion amended and superseded*, 746 F.3d 399 (9th Cir. 2014) and *aff'd,* 746 F.3d 399 (9th Cir. 2014).

[36] *Id*; *Hamilton*, 270 F.3d at 784-85.

[37] *See* Docket No. 18 at 4; Docket No. 15 at 19.

leverage to discharge claims of junior creditors in his current bankruptcy proceeding.[38] "The law in this area is clear: a plaintiff who has received the benefit of an automatic stay under 11 U.S.C. § 362(a) would derive an unfair advantage by prosecuting claims against a defendant after failing to disclose those claims in his bankruptcy proceedings."[39]

Other courts have barred such claims in similar situations. For example, in *Vertkin v. Wells Fargo Home Mortgage*, the plaintiff brought a variety of foreclosure-related claims that she did not include in her bankruptcy schedule.[40] The court held she was estopped from making these claims even though the events leading to her claims had not occurred when she filed for bankruptcy, because she had not amended her bankruptcy schedule to include the claims.[41] In *Sharp v. Nationstar Mortgage, et al.*, the plaintiffs brought four bankruptcy petitions both before and after initiating their lawsuit, and had disclosed none of their foreclosure-related claims against Nationstar and Aurora.[42] The court found judicial estoppel even though the plaintiffs' bankruptcy applications were dismissed.[43] In *HPG Corp. v. Aurora Loan Services, LLC*, the court found that when foreclosure causes of action arose before the bankruptcy petitions of various debtors, and the debtors did not disclose those claims, the debtors were judicially estopped from pursuing them.[44]

---

[38] *Id.*

[39] *Swendsen v. Ocwen Loan Servicing, LLC*, Case No. 2:13-cv-02082, 2014 WL 1155794, at *6 (E.D. Cal. Mar. 21, 2014).

[40] *See Vertkin v. Wells Fargo Home Mortgage*, Case No. 3:10-cv-00775-RS, 2010 WL 3619798, at *1, 3 (N.D. Cal. 2010).

[41] *Id.*

[42] *See Sharp*, 2014 WL 4365116, at *2.

[43] *Id.* at *6.

[44] *See HPG Corp. v. Aurora Loan Services, LLC*, 436 B.R. 569, 577-78 (E.D. Cal. 2010); *accord Reagan v. Wells Fargo Bank*, N.A., Case No. 2:12-cv-02365-MCE-KJN, 2013 WL 1402990, *2-3 (E.D. Cal. April 5, 2013) (applying judicial estoppel because the plaintiffs "purport that the[]

### IV.

Although the court grants the motion to dismiss, it is not persuaded that an amendment by Rabidou to avoid judicial estoppel would be futile.[45] Leave to amend is granted; any amended complaint shall be filed within 14 days.

**SO ORDERED.**

Dated: December 18, 2014

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　PAUL S. GREWAL
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

claims arose during the same period as" the plaintiffs' bankruptcies but plaintiffs did not disclose the claims); *Abuan v. JPMorgan Chase & Co.,* No. 13-cv-1315-L-JMA, 2013 WL 5522221, *3 (S.D. Cal. Oct. 3, 2013) (applying judicial estoppel where plaintiff "concede[ed] that all of her claims arose . . .during the pendency of her bankruptcy proceedings" yet failed to disclose them); *McFarland v. JP Morgan Chase Bank*, No. 13-cv-01838-JBG, 2014 WL 4119399, *5 (C.D. Cal. Aug. 21, 2014) (applying judicial estoppel when plaintiff failed to include causes of action in her bankruptcy filings and subsequently attempted to sue on the claims outside of the bankruptcy proceeding."); *Juarez v. Suntrust Mortgage, Inc.*, No. 13-cv-0485, 2013 WL 1983111 *7 (E.D. Cal. May 13, 2013) (applying judicial estoppel in order to prevent plaintiffs' "judicial gamesmanship" in failing to disclose claims on their bankruptcy schedules, receiving the benefit of an automatic stay, then later trying to sue on the undisclosed claims); *cf. Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001); *In re Kottmeier*, 240 B.R. 440, 442 (Bankr. M.D. Fla. 2002); *In re Coastal Plains, Inc.*, 179 F.3d 197 at 208; Carr, 2013 WL 5946364, at *5.

[45] *Cf. Sharp*, 2014 WL 4365116, at *7; *Vertkin*, 2010 WL 3619798, at *3.